STATE OF NORTH CAROLINA v. WAYNE TAYLOR

No. 705SC261

(Filed 24 June 1970)

**1. Constitutional Law § 32—— failure to appoint counsel for appeal —— case thereafter reviewed on certiorari**

Defendant was not prejudiced by finding of trial court that he was not indigent and not entitled to court-appointed counsel to perfect his appeal, where defendant testified that he had $820 in assets at that time and another judge thereafter found that defendant was then indigent, ap-

pointed counsel to file a petition for certiorari, which was allowed, and the merits of defendant's case have been reviewed by the appellate court.

2. **Criminal Law § 18— misdemeanors — jurisdiction of superior court**

Superior court had no jurisdiction to try defendant upon warrants charging misdemeanors where defendant had not first been tried upon the warrants in the district court and appealed to superior court.

3. **Criminal Law §§ 13, 171— misdemeanors consolidated for judgment with felonies — lack of jurisdiction over misdemeanors — new trial**

Lack of jurisdiction in superior court to enter judgment on two misdemeanor charges which were consolidated for judgment with felony charges does not entitle defendant to a new trial on the felony charges where the sentence imposed was less than the maximum which could have been given after the felony cases were consolidated for judgment.

ON certiorari to review judgment of *Copeland, S.J.,* 6 October 1969 Session, NEW HANOVER Superior Court.

Defendant was charged with 14 counts of breaking and entering and larceny and with two misdemeanor counts of larceny. Preliminary hearing for all the felony warrants, except two, was set for 5 August 1969 and for the other two on 7 August 1969 and 12 August 1969, respectively. Trial of the two misdemeanors under warrants Nos. 69CR10089 and 69CR10108 was also scheduled for 5 August 1969. Defendant, on 5 August 1969, through counsel waived his preliminary hearing. and all the cases set for hearing in the District Court on that date were bound over for trial in the Superior Court. On the date set for preliminary hearing on the remaining felony charges, hearing was waived. It appears that defendant was not tried in the District Court on the misdemeanor warrants (69CR10089 and 69CR10108).

During September-October Session true bills of indictment were returned as to all the felony warrants but no bill of indictment was ever submitted for either of the misdemeanor charges and no true bill was returned as to either. On 6 October 1970 all 14 felony charges and the two misdemeanor charges were called for trial, and defendant, through his counsel, entered a plea of nolo contendere.

The defendant did not desire to testify or offer any evidence in his behalf. The State took a nol pros in one of the felony charges (69CR9985).

The court consolidated seven of the felony cases for judgment and, on these, sentenced defendant to not less than seven nor more than 10 years.

The court then consolidated the remainder of the cases for judg-

ment and sentenced defendant to not less than seven nor more than 10 years to begin at the expiration of the sentence above referred to. In this latter group of cases were included the two misdemeanor cases (69CR10089 and 69CR10108).

Defendant gave notice of appeal. Thereupon the court conducted an inquiry as to defendant's indigency. Under oath, defendant testified that he had $20 in his pocket and owned household furniture worth about $800 which was paid for. The court found him not to be indigent and refused to appoint counsel. On 27 October 1969, the court received a letter from defendant stating that he would like to withdraw his appeal. He was brought before the court whereupon the court determined, after questioning, that defendant did not wish to withdraw his appeal. On 8 December 1969, defendant filed a "Motion" requesting appointment of counsel to prepare his appeal. Whereupon, Judge Cohoon again had the defendant brought into court and examined him as to his indigency. Judge Cohoon found as a fact that although defendant was not an indigent when examined by Judge Copeland, he was then an indigent, the property referred to in the hearing before Judge Copeland having been disposed of as the result of a mortgage thereon.

The court appointed counsel to petition this Court for the issuance of a writ of certiorari. The petition was allowed on 12 February 1970.

*Attorney General Robert Morgan by Staff Attorney Lester V. Chalmers, Jr., for the State.*

*Smith and Spivey by Jerry L. Spivey for defendant appellant.*

MORRIS, J.

Defendant brings forward two assignments of error.

[1] He contends that the court erred in finding that he was not indigent and not entitled to court-appointed counsel. He cites no authority but argues that he had appointed counsel for his preliminary hearing and Judge Cohoon found him to be an indigent, so he must have been an indigent at all times in between. The record clearly reveals that he had some $820 in assets upon his own sworn testimony at the time of Judge Copeland's determination. We fail to see how defendant has been prejudiced. He, by his own actions, failed to have his appeal docketed in time, but the court, nevertheless, ordered counsel appointed to file a petition for certiorari. His case has been reviewed on its merits.

STATE *v.* TAYLOR

**[2]**  Defendant's other assignment of error is directed to the lack of jurisdiction of the Superior Court to enter judgment on the two misdemeanor charges (69CR10089 and 69CR10108). Defendant's position is well taken. G.S. 7A-272(a) gives to the district court, "Except as provided in this article," exclusive, original jurisdiction over "criminal actions . . . below the grade of felony, and the same are hereby declared to be petty misdemeanors."

By G.S. 7A-271(a) the superior court is given exclusive, original jurisdiction over all criminal actions not assigned to the district court division except (among others not pertinent here) that it may try a misdemeanor when the conviction is appealed to the superior court for trial de novo. G.S. 7A-271(a)(5).

Here defendant was not tried in the District Court upon the warrants and there was, therefore, no appeal from the District Court to the Superior Court.

**[3]**  We do not agree that this inadvertence entitles defendant to a new trial on all the charges. The sentence imposed was less than the maximum sentence he could have received after the felony cases were consolidated for judgment.

However, defendant is entitled to a trial on the misdemeanor charges. Therefore, the judgments in cases Nos. 69CR10089 and 69CR10108 are vacated and these two numbers ordered deleted from the commitment. These two cases are remanded to the Superior Court for immediate transfer to the District Court for trial.

Error and remanded as to cases Nos. 69CR10089 and 69CR10108 only — judgment affirmed in all other cases.

MALLARD, C.J., and GRAHAM, J., concur.